In re BRITTINGHAM CANDY MFG. CO.

(District Court, D. Delaware. August 27, 1924.)

No. 501.

1. Landlord and tenant ⬅269(2)—Chattels conditionally sold to tenant held subject to distress for rent.

In view of Rev. Code Del. 1915, § 4556, goods, title to which remains in seller under contract made in conformity with 30 Del. Laws, c. 192, are subject to distress for rent, when found on premises demised to buyer; section 4 of such chapter not being in conflict with pre-existing law as to property subject to distress.

2. Sales ⬅452—Limitation stated of rule for construing Conditional Sales Act so as to be uniform with other states.

Uniform Conditional Sales Act Del. § 30, to effect that act shall be so construed as to effect general purpose of making uniform laws of those states enacting it, does not bring within act matters which, but for section 30, would not be embraced by act.

In Bankruptcy. In the matter of the estate of the Brittingham Candy Manufacturing Company, bankrupt. On petition for review of order of referee determining rights as between landlord and conditional seller of chattels. Affirmed.

E. Ennalls Berl (of Ward, Gray & Neary), of Wilmington, Del., for landlord.

Aaron Finger, of Wilmington, Del., for Russ Mfg. Co.

Edmund S. Hellings, of Wilmington, Del., for National Cash Register Co.

MORRIS, District Judge. Brittingham Candy Manufacturing Company, the tenant of premises of which Nathan Barsky was the landlord, obtained from the Russ Manufacturing Company upon conditional sale a soda fountain and equipment. It likewise obtained a cash register from the National Cash Register Company on like conditional sale. The articles so acquired were placed upon the demised premises. The rent became in arrears. The landlord dis-

trained upon the goods and chattels, including the soda fountain and cash register, found upon the premises occupied by the tenant, and advertised them for sale. Before the date fixed for the sale the tenant was adjudged a bankrupt, and the articles in question came into the possession of the trustee. Thereupon, there having been default in the payment of certain installments called for by the conditional sale contracts, the sellers severally petitioned the referee to direct the trustee to return to the sellers or permit them to take possession of the cash register and soda fountain, in conformity with the terms of the contracts of sale. The landlord claiming, under his distraint, rights superior to those of the sellers objected. The referee sustained the contention of the landlord and dismissed the petitions. The matter is here upon petitions for review.

[1, 2] The conditional sale contracts were properly made and recorded. Their validity is not questioned. The sole issue is whether under the facts stated the landlord acquired a lien upon or rights in the articles in question superior to the rights or title of the conditional vendors. Both the statutory and the decisional law of the state of Delaware make it clear that, subject to statutory exceptions, all goods found upon the demised premises are liable to a distress for rent in arrear, without regard to the ownership of such goods. Subject to statutory exceptions the goods of a stranger are as liable to be distrained upon and sold for rent in arrear as are the goods of the tenant. Rev. Code, § 4556; Robelen, etc., v. Nat. Bank of W. & B., 1 Marvel (Del.) 346; 41 Atl. 80. The petitioners do not challenge this. They assert, however, and the landlord denies, that an exception to the general rule of law is made by the Uniform Conditional Sales Act (chapter 192, vol. 30, Laws of Delaware), and that goods and chattels, regardless of their character, title to which remains in the seller under a contract made in conformity with the provisions of that act, are not subject to a distress for rent, even though they are found upon the demised premises. In support of their contention the petitioners rely upon sections 4, 30, and 32 of the act. Those sections are:

"Sec. 4. Every provision in a conditional sale reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid as to all persons, except as hereinafter otherwise provided. * * *

"Sec. 30. This act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it. * * *

"Sec. 32. Except so far as they are applicable to conditional sales made prior to the time when this act takes effect, all acts or parts of acts inconsistent herewith are hereby repealed."

No cases directly in point have been found by counsel or by the court. Some cases are cited to show that in most of the states of the Union the landlord is now without right to seize for rent chattels not owned by the tenant, even though such chattels are found upon the premises. But in no instance cited was that condition of the law attributable in any manner or degree to any provision of the Uniform Conditional Sales Act. The petitioners urge, however, that the purpose of section 30 of the act is, as said by Professor Bogert, the draftsman of the act, "to lead courts to consider, in construing the act, not only the previous jurisprudence of the state, but the law of other states." That is probably true. But the purpose of the act was to make uniform the law relating to conditional sales—not the laws with respect to landlord and tenant, distress for rent, or other independent matters. As I view it, section 30 does not bring within the purview of the act matters which, but for section 30, would not be embraced by the act. Consequently the issue presented by the petitions is narrowed to whether or not section 4 of the act is expressly or by necessary implication in conflict with the pre-existing law with respect to property that is subject to distress for rent. I think it deals with a wholly unrelated matter. It provides, merely, that in a conditional sale contract the provisions reserving title in the seller shall be valid. It does not confer upon the seller rights greater than those to be enjoyed by any other holder of an unquestioned absolute title to goods. The landlord, however, is not concerned with title, and, in my opinion, his lien and rights against the soda fountain and cash register are not different because the title of the petitioners is evidenced by a conditional sale contract from what his lien and rights would have been had the title of the petitioners been otherwise evidenced.

The order of the referee must be affirmed.